930 FIFTH CORPORATION, Appellant, *v.* WILMA V. KING, Respondent.

First Department, December 7, 1972.

*Edward N. Costikyan* of counsel (*Jay G. Safer* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for appellant.

*Robert E. Dizak* of counsel (*Newman, Aronson & Neumann,* attorneys), for respondent.

*Per Curiam.* Petitioner appeals by leave of the Appellate Term from an order of the Appellate Term entered May 2, 1972,

in New York County, which affirmed (one Justice dissenting) a final judgment of the Civil Court entered October 19, 1970 (DANIEL M. KELLY, J.) dismissing its petition on the merits, after trial.

Petitioner landlord instituted a summary proceeding to evict respondent from an apartment occupied by respondent. It was alleged that respondent violated the terms of the proprietary lease and its appended rules by maintaining a dog in her apartment without the permission of plaintiff co-operative corporation.

Paragraph 15 of the lease reads in part as follows: " The Lessor has established house rules which are appended to this lease * * * The Lessee covenants to obey all such rules ". House rule 17 states, in part, " No bird or animal shall be kept or harbored in the building unless the same in each instance be expressly permitted in writing by the Lessor." The lease gave to the lessor a right of lease termination upon notice of and the continued violation of the house rules after notice.

The record establishes the fact that respondent is maintaining a dog in respondent's apartment. The Civil Court and the Appellate Term so found, but denied relief to petitioner.

On appeal petitioner urges that the lease expressly gives it the right to terminate the lease for a violation such as here involved, that a summary proceeding is a proper vehicle for eviction following termination, and that whether or not the violation be considered substantial (though petitioner asserts it is substantial) there was a right of termination.

Respondent contends the proceeding was not instituted in good faith, harboring the dog is not a violation of a substantial obligation of the tenancy, waiver by reason of the fact that there are other dogs in the building, and that petitioner is estopped from enforcing the prohibition.

Respondent applied for membership in the co-operative on January 22, 1969. Respondent was aware of the prohibition against dogs prior to the closing of the lease and, in fact, made arrangements to place her dog in a kennel before moving into the subject apartment on June 17, 1969. Respondent testified she wanted to abide by the by-laws and rules of the corporation. Respondent removed the dog from respondent's apartment on two or three occasions but always returned the dog to the apartment.

There was testimony of complaints received from other tenants about dogs in the building, testimony that petitioner

expended substantial sums of money in refurbishing the public halls and corridors, and that investigation of the complaints revealed a substantial basis in support of such complaints.

The record establishes a knowing and willful violation of the tenant's obligation. On this record, bearing in mind the lease provisions also, neither waiver nor estoppel can serve as a barrier to this proceeding. We have said that " a landlord can legally enforce a lease providing for the prohibition of dogs as a matter of law " (*Hillman Housing Corp.* v. *Krupnik,* 40 A D 2d 788, decided in the November 1972 Term of this court). Judgment should have been granted to petitioner. Respondent's conduct in initially moving in without a dog indicated a belief that the provision represented a substantial obligation of the tenancy. On argument of this appeal counsel for petitioner stated candidly that the prime objection is to the dog's presence and there was no basic objection to the tenant. Accordingly, order appealed from reversed on the law, judgment of the Civil Court reversed and vacated, and judgment is directed to be entered in favor of petitioner with costs and disbursements of this appeal. However, we deem it proper in the exercise of our equitable powers and because of the circumstances of this case, to stay execution of and judgment for eviction for 60 days after service of a copy of the order to be entered hereon upon the respondent, on condition that respondent permanently remove the dog from the premises within that period. In the event of such removal, eviction of respondent shall be stayed until the further order of this court. Settle order.

STEVENS, P. J., McGIVERN, NUNEZ, TILZER and CAPOZZOLI, JJ., concur.

Order, Appellate Term, Supreme Court, First Judicial Department, entered on May 2, 1972, unanimously reversed, on the law, and the judgment of the Civil Court of the City of New York, New York County, entered on October 19, 1970, is reversed and vacated, and judgment directed to be entered in favor of petitioner-appellant, with execution of said judgment to be stayed for 60 days after service of a copy of the order to be settled hereon upon the respondent by the appellant, on condition that respondent permanently remove the dog from the premises within that period. In the event of such removal, eviction of respondent is stayed until the further order of this court.

Settle order on notice.