Per Curiam.

On this record, it is patent that respondent entered into occupancy pursuant to an occupancy agreement which contained a prohibition against the harboring of a dog on the premises and which further provided that a violation of same is deemed a violation of a substantial obligation of tenancy. In this Judicial Department, the policy is to strictly enforce a prohibition against harboring animals where the lease, containing such prohibition, provides that violation of same is a violation of a substantial obligation of tenancy (930 Fifth Corp. v. King, 40 A D 2d 140 [1st Dept., 1972]; Hillman Housing Corp. v. Krupnik, 40 A D 2d 788 [1st Dept., 1972]).
The court below held that the petitioner is estopped from invoking the prohibition because it failed to call respondent’s attention to such prohibition. This rationale presupposes an affirmative duty on petitioner’s part to give notice to the respondent with respect to pthe no-dog clause. In view of the clear language of the occupancy agreement, the obligation incumbent upon respondent to read the contents of the occupancy agreement before signing it and the absence of compelling circumstances justifying application of estoppel, there is no basis for the holding below.
The final judgment should be reversed, with $30 costs, and final judgment directed in favor of landlord as prayed for in the petition, with costs; issuance of the warrant of eviction is stayed on condition that respondent permanently remove the dog from the premises within 90 days after service of a copy of the order to be entered hereon, with notice of entry thereof.
Concur — Markowitz, P. J., Quinn and Lupiazto, JJ.
Pinal judgment reversed, etc.