127 N.J. Super. 568 (1974)
318 A.2d 432
HOUSING AUTHORITY OF THE CITY OF BAYONNE, PLAINTIFF-RESPONDENT,
v.
HELEN ISLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1974.
Decided April 5, 1974.
*570 Before Judges CONFORD, HANDLER and MEANOR.
Mr. William E. McAlvanah argued the cause for the appellant (Mr. Timothy K. Madden, Director Hudson County Legal Services, attorneys).
Mr. James T. O'Halloran argued the cause for the respondent.
The opinion of the court was delivered by CONFORD, P.J.A.D.
Defendant, a tenant of an apartment of plaintiff Bayonne Housing Authority (Authority), appeals from a judgment of dispossess entered pursuant to the provisions of N.J.S.A. 2A:18-53. It is unclear whether the proceedings were premised on paragraph (a) or paragraph (c) of that section. We conclude that whichever is regarded as operative here, the judgment must be set aside for absence of jurisdiction in the county district court.
Paragraph (a) allows dispossess where the tenant holds over after expiration of his term and written demand for possession is served. Paragraph (c) applies in four types of situations of which (1) is where the tenant is so disorderly as to destroy the peace and quiet of other tenants in the house, and (4) is where the tenant commits any breach of a lease provision which the agreement stipulates gives the landlord a right of reentry therefor. In any case falling under paragraph (c) the landlord must serve a written notice of termination of the tenancy upon the tenant, stating the cause of the termination and a demand for removal within three days of service of the notice.
Plaintiff landlord is a public housing agency financed in part by the Federal Government through the United States Department of Housing and Urban Development (HUD). As such it is subject to and bound by federal laws *571 pertaining to HUD and its regulations specifying the rights and duties of the tenants and the housing authority as to rent, maintenance, manner of occupancy by tenants and termination of such occupancy, among other things. Brown v. Milwaukee Housing Authority, 471 F.2d 63 (7 Cir.1972); Milwaukee Housing Authority v. Mosby, 53 Wis.2d 275, 192 N.W.2d 913 (Sup. Ct. 1972). See also, Lee v. Elizabeth Housing Authority, 119 N.J. Super. 72 (Cty. Ct. 1972).
Plaintiff had apparently been having trouble with defendant in relation to complaints by other tenants of annoying actions by defendant and her children. It wrote her requesting that she appear before a tenant grievance board of the Authority on February 27, 1973. At that time a hearing was conducted during which testimony was given concerning her actions and she denied the charges. At the conclusion of the hearing she was given an adverse oral decision. Neither the content of the notice to appear nor the precise nature of the decision was established beyond the fact that the board "asked" the defendant "to vacate."
On March 13, 1973 defendant was served with a written notice signed by the executive director of the Authority calling upon her to vacate by March 20, 1973 and stating that her "tenancy [was] being terminated" for the reason that she and her children were violating the lease by "unreasonable disturbance" of other tenants in various specified respects. The tenancy complaint was filed in the county district court on May 10, 1973. The foregoing facts were stated in the complaint and it was alleged therein that defendant's actions constituted a breach of the lease.
HUD has issued an administrative circular, RHM 7465.8, containing "requirements and recommendations to be reflected in tenant dwelling leases for low-rent public housing projects." Included is a detailed specification of the mandated subject-matter content of tenant leases, including the circumstances under which management may terminate the lease and the attendant procedure. The parties hereto entered *572 into a lease which appears to us to comply with the circular. In paragraphs 5, 7 and 9 management agrees:
5. To give Tenant thirty (30) days written notice prior to termination of this lease. Such written notice shall be in clear and understandable terms, and shall include the following:
a. a full statement of the reason for the action, including reference to applicable regulations and the alleged facts upon which the action is based and
b. a statement of the Tenant's right to a hearing and the means by which a hearing may be obtained.
c. all grievances or appeals arising under this lease shall be in accordance with the grievance procedure which the Management has in effect at that time.
* * * * * * * *
7. To terminate this Lease or evict Tenant for no other reason than the following:
a. Non-payment of rent
or
b. serious intentional destruction of the apartment
or
c. serious interference with the rights of the other tenants

or
d. income that exceeds the maximum allowable for public housing residents.
* * * * * * * *
9. Tenant is entitled to a hearing whenever he feels aggrieved by Management action in conducting inspections, collecting or adjusting rents, imposing extra charges, scheduling evictions, or denying transfers. [Emphasis supplied]
It is evident that although plaintiff's notice to defendant purported to terminate the lease, 30 days' notice, as required by paragraph 5, was not given. Moreover, part of the required content of such a notice was omitted therefrom. These facts were fatal to plaintiff's substantive right to terminate the lease through the instrumentality of that notice. Consequently there was no termination of the lease for purposes of the hold-over provision of either paragraph (a) or paragraph (c) (4) of N.J.S.A. 2A:18-53. The requirement in the latter paragraph of a three-day notice of removal to the tenant is in addition to and not in substitution of whatever notice is substantively necessary to effect a *573 termination of the lease by the private lease agreement of the parties. Moreover, it is settled that the parties may (subject to public policy limitations) contract by lease agreement for periods of notice of termination of tenancy different from those specified in the dispossess statute which will be binding on them. Pennsylvania R. Co. v. L. Albert & Son, Inc., 26 N.J. Super. 508 (App. Div. 1953), cert. den. 13 N.J. 361 (1953).
As to plaintiff's contention that it was prosecuting this dispossess for misconduct of defendant, under paragraph (c) (1) of the statute, which does not require termination of the lease or any particular period of notice beyond the statutory three-day removal notice, this assertion is belied by the content of the notice actually served, which recites, as already noted, that the Authority is terminating the lease because of conduct violative of the terms of the lease. The text of the notice, moreover, is consistent with a recognition that the lease in paragraph 7(c) specifies that one of the exclusive grounds of termination is "serious interference with the rights of the other tenants"  substantially the grievance of the landlord herein. However, plaintiff's case for termination of the lease on that ground is impaled on the spike of the mandatory requirement in the lease of a 30-day notice for termination by reason of any of the three permissible grounds specified in paragraph 7 of the lease, including (c).
The facts that the tenant was afforded a grievance hearing prior to service with the notice of termination and that the trial court heard the merits of the complaints of the landlord against defendant anew will not save the proceedings below from the jurisdictional infirmity inherent in the void notice of termination of tenancy.
For the stated reason, we need not explore defendant's additional assertion of denial of due process in connection with HUD's administrative decision to institute the proceedings to evict.
The judgment of possession is reversed, but without costs.