CINCINNATI METROPOLITAN HOUSING AUTHORITY, APPELLANT,
*v.* McCOLLUM, APPELLEE.

[Cite as Cincinnati Met. Housing Auth. v. McCollum (1975), 45 Ohio App. 2d 197.]

(No. C-74485—Decided September 15, 1975.)

*Messrs. Shepard & Hilton,* for appellant.
*Mr. Gregory E. Lawler,* Legal Aid Society of Cincinnati, for appellee.

BUZZARD, J. Plaintiff appeals from a judgment of the Hamilton County Municipal Court, in a forcible entry and

detainer action. The trial court held that the thirty day notice of termination of the tenancy specified in the federal regulations applied instead of the three day notice required by the Ohio statutes. No such thirty day notice having been given, the Complaint was dismissed. Plaintiff assigns as error this action of the trial court. Defendant occupied housing facilities of the plaintiff under a lease which was subject to changes and modifications as and when new regulations were promulgated by the Department of Housing and Urban Development, which will be referred to as HUD. Under the original lease between the parties, the plaintiff could terminate the lease upon three days notice to the tenant, the appellee. A new lease had not been signed.

However, on February 22, 1971, HUD promulgated Circular R.H.M. 7465.8, setting forth requirements and recommendations for leases. Such circular has the force of law and binds the plaintiff even though a new lease had not been executed in conformity with the terms of the circular. *Housing Authority of Omaha* v. *United States Housing Authority* (C. A. 8, 1972), 468 F. 2d 1.

Requirement 3(b)(12) thereof provides that all leases shall include provisions covering: "The circumstances under which management may terminate the lease, all limited to good cause, and the length of notice required for the tenant to exercise his right to terminate."

Section 3(c) provides that:

"No lease shall contain language which establishes less than the minimum responsibilities and obligations on each of the parties as provided in the model lease shown as Appendix 1, with respect to the above required provisions."

Under paragraph 6, it is stated that the model form of lease is a model only. Paragraph 10 of the model lease form provides that management must give notice of termination not less than thirty days prior thereto.

Sometime prior to the filing of this suit on July 22, 1974, the appellant Housing Authority adopted a new lease form for its tenants, to implement R. H. M. 7465.8. This was done pursuant to a consent order in the case of

*Jones* v. *Cincinnati Metropolitan Housing Authority*, No. 7670, in the United States District Court in Cincinnati.

On June 21, 1971, a notice was promulgated with questions and answers arising under Circular 7465.8 and it is stated therein that a thirty day notice is mandatory, including for non-payment of rent. This interpretation by HUD of its own circular is at least persuasive.

Defendant argues that the length of notice to the tenant is one of the "circumstances" required in every lease and that the thirty day provision in the model lease, which is part of Circular 7465.8, is one of the minimum obligations of the plaintiff housing authority. Plaintiff, on the contrary, argues that the thirty day termination provision in the model lease is a recommendation, and not a requirement. A careful examination of Circular 7465.8 convinces the court that the thirty day provision is a minimum requirement and not just a recommendation. We note that the only recommendations in Circular 7465.8 are contained in numbered paragraph 4(a) and (b) and these have to do with security deposits and penalties for the late payment of rent.

Plaintiff points out, however, that the new regulations requiring a thirty day notice of termination specifically mention the causes for which a thirty day termination notice is necessary and that non-payment of rent is not specifically mentioned. See paragraph 10 of the new lease. Plaintiff further states that paragraph 11 of the new lease deals specifically with non-payment of rent and provides that where a tenant violates this covenant "[m]anagement may terminate [this] lease in accordance with state law." Plaintiff argues that this means it only has to give a three day notice as provided in R. C. 1923.04. This is a notice preliminary to eviction by judicial process. Termination and eviction are not always synonymous. The thirty day notice of termination is not necessarily an eviction notice. It seems to this court that the reference to a termination by state law means the eviction process after the thirty day notice of termination has expired.

This same problem was before the New Jersey ap-

pellate court in *Housing Authority of Bayonne* v. *Isler* (1974), 127 N. J. Super. 568, 318 A. 2d 432. Headnote 3 of 318 A. 2d states:

"Statutory dispossess requirement of a three day notice of removal to tenant is in addition to and not in substitution of whatever notice is substantially necessary to effect a termination of the lease by private lease agreement of the parties."

The amended regulations as embodied in the new lease provide that the tenant must give fifteen days notice to management to terminate the tenancy. In view of the expressed purpose and background appearing on the first page of Circular 7465.8 to improve the lot of the tenant, it does not seem consistent or fair to require a fifteen day notice from the tenant and a three day notice from the landlord. We do not believe HUD intended any such unequal treatment of the tenant.

We are also not unmindful of the old rule for the interpretation of contracts that where the meaning of language is doubtful or ambiguous, it will be strictly construed against the party seeking to enforce it, where such party prepared it. *Bevy's Dry Cleaners & Shirt Laundry* v. *Streble* (1965), 2 Ohio St. 2d 250.

We therefore hold that the tenant was entitled to a thirty day notice of termination of her tenancy. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and HOLMES, J., concur.

HOLMES, J., of the Tenth Appellate District, sitting by designation in the First Appellate District. CRAWFORD, J., retired, of the Second Appellate District, and BUZZARD, J., retired, of the Court of Common Pleas of Columbiana County, assigned to active duty, under authority of Section 6(C), Article IV, Constitution, in the First Appellate District.