136 N.J. Super. 432 (1975)
346 A.2d 609
HOUSING AUTHORITY OF THE CITY OF ATLANTIC CITY, A BODY CORPORATE AND POLITIC, PLAINTIFF-RESPONDENT,
v.
WILLIAM E. COPPOCK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1975.
Decided October 8, 1975.
*433 Before Judges ALLCORN, KOLE and GAULKIN.
Mr. Robert P. Beakley argued the cause for appellant (Cape-Atlantic Legal Services attorneys).
Mr. Jeffrey L. Gold argued the cause for respondent (Messrs. Feinberg and Ginsburg, attorneys).
The opinion of the court was delivered by KOLE, J.A.D.
*434 The county district court judge granted a motion for summary judgment in this dispossess action in favor of the landlord. He held as a matter of law that a provision in this apartment lease prohibiting the keeping of a dog was reasonable and that defendant had violated it. He also held that it had jurisdiction to enter the judgment.
We see no merit to defendant's contentions that the trial court below lacked jurisdiction.
It is of no significance here that the written notice to cease, under N.J.S.A. 2A:18-61.1(e), was not contained in the notice of termination for breach of the covenant. Neither that section nor the lease requires that notice to cease be part of the termination notice. The trial judge found, and the record, including defendant's admissions, sufficiently supports the finding that a written notice to cease violating the anti-pet provision was given prior to the notice of termination. Such prior notice complies with the statute and the lease.
The 31-days notice of termination accorded with the lease and N.J.S.A. 2A:18-61.2(b). There is no requirement in this kind of case that the termination be directed to the end of the month. This is not a month-to-month tenancy. The lease specifically provides that the lease may be terminated "at any time" on not less than 30 days' notice. We consider that the definition of "month" in N.J.S.A. 1:1-2 as a calendar month is inapplicable under these circumstances. We also reject the notion that this lease provision violates public policy or is within the nonwaiver provisions of N.J.S.A. 2A:18-61.4. See Bayonne Housing Authority v. Isler, 127 N.J. Super. 568, 573 (App. Div. 1974).
The lease did not require that the notice of termination itself contain a clause with respect to the right to a conference or hearing. Isler, involving a lease containing such a requirement, is therefore distinguishable. There is nothing in the record indicating that the lease provision *435 does not accord with HUD regulations. Nor is there any contention in the record properly before us that the conference which is referred to in the lease was not afforded defendant.
We affirm the judgment of the trial judge. We have no doubt of the reasonableness of the covenant forbidding dogs in the leased apartment within the meaning of the dispossess provisions of N.J.S.A. 2A:18-61.1(e). Accordingly, a dispossess action will lie, as here, for a plain violation thereof. See Heyman v. Bishop, 15 N.J. Super. 266 (App. Div. 1951); Southbridge Towers, Inc. v. Rovics, 76 Misc.2d 396, 350 N.Y.S.2d 62 (Sup. Ct. 1973); Blakely v. King Cty. Housing Auth., 8 Wash. App. 204, 505 P.2d 151 (Ct. App. 1973); 930 Fifth Corp. v. King, 40 A.D.2d 140, 338 N.Y.S.2d 773 (App. Div. 1972), app. dism. 31 N.Y.2d 1046, 342 N.Y.S.2d 71, 294 N.E.2d 856 (Ct. App. 1973). See also, Annotation, "Relative rights and liabilities as between landlord and tenant with respect to keeping of dogs, birds or other pets," 18 A.L.R.2d 880, 881 (1951).
Since there were no genuine issues of material fact, summary judgment in favor of plaintiff was properly granted. Judson v. Peoples Bank & Trust Co., 17 N.J. 67 (1954).
The judgment is, accordingly, affirmed.