■ JEFFREY I. ZUCKERMAN et al., Appellants, v 33072 OWNERS CORP., Respondent. — Order and judgment of the Supreme Court, New York County (Kirschenbaum, J.), entered on May 3, 1983, which denied plaintiffs-appellants' motion for a preliminary injunction, declared that plaintiffs-appellants' sublease violated their proprietary lease, granted defendant-respondent's cross motion for summary judgment on its counterclaim for attorney's fees and costs of defending this action, ordered the counterclaim severed and directed an assessment of damages, is unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of reinstating the sixth cause of action in the complaint and awarding appellants judgment on that cause, and permanently enjoining respondent from terminating appellants' proprietary lease on the basis of the lease violation on which this action is grounded, and otherwise affirmed, without costs. Plaintiffs Jeffrey and Miriam Zuckerman own shares allocated to a co-operative apartment in the defendant corporation's building pursuant to a proprietary lease. Under the terms of that lease, subletting is permitted only with the express consent of the board of directors or of 65% of the lessees should the board withhold approval. The lease further provides that any consent to subletting may be subject to such conditions as the board may impose, and that consent may be withheld for any reason or for no reason. With the consent of the board, appellants sublet their apartment for a one-year period commencing on July 1, 1981. When appellants sought board

approval for a one-year renewal of this sublease, they were informed that, although the board was satisfied with the personal suitability of appellants' subtenants, board resolutions passed in the interim required as conditions for approval that (1) an annual sublet fee of $2 per share, amounting to $600 be paid, and (2) that $500 be deposited with respondent's attorney to be held in escrow to cover any legal expenses that the board might incur in connection with the sublease. Without paying either the sublet fee or the escrow amount, appellants renewed the sublease for an additional year. In a letter to the board dated July 8, 1982, appellant Jeffrey I. Zuckerman, an attorney, advised the board that, because the conditions were violative of the offering plan and were "patently unreasonable and unlawful", appellants considered their sublease renewal to be in effect with the consent of the board. The secretary of the respondent corporation sent appellants a notice to cure dated August 4, 1982, informing appellants that they were violating substantial obligations of their proprietary lease, and giving appellants 10 days from the date of service of the notice in which to cure the breach or else respondent would terminate their lease in accordance with its terms. After settlement discussions among appellants and members of the board proved unproductive, the secretary sent appellants a notice of termination dated November 8, 1982, stating that appellants' proprietary lease would terminate eight days from the date of the notice. Appellants then obtained a temporary restraining order enjoining respondent from terminating appellants' proprietary lease pending a hearing on appellants' motion for a preliminary injunction. Appellants then commenced this action by summons and complaint dated November 8, 1982. In December, 1982, appellants' subtenants moved out, but the $1,100 remains unpaid. After Special Term denied appellants' motion for a preliminary injunction, appellants obtained an order from this court dated May 31, 1983, which, *inter alia,* enjoined respondent from issuing a new proprietary lease or shares for appellants' apartment pending the determination of this appeal. Special Term correctly upheld the validity of the conditions imposed by the board. Appellants' contention that *Crossman v Pease & Elliman* (29 AD2d 4) and *Tsimis v Rudnick, Brett, Wyckoff* (59 AD2d 871) stand for the rule that co-operative apartment shareholders have an absolute right to sublet subject only to board approval of the social desirability and financial responsibility of the prospective subtenants cannot be sustained. In both *Crossman* and *Tsimis,* the right to sublet arose from the contract of sale by which the purchaser bought two contiguous apartments for the divulged purpose of expanding one and subletting the remainder of the other. The language in *Crossman* that board approval refers to approval of the personal qualifications of the subtenant is drawn from examination of the forms for approval prepared by the co-operative corporation defendant in that action, rather than from the proprietary lease alone. The board has the authority under the proprietary lease to levy a reasonable sublet fee and require an escrow deposit to cover legal expenses incurred in connection with the sublease. As this case illustrates, there can be legal expenses resulting from a contested sublease situation. Nor are we persuaded by appellants' contention that the absence of the phrase "as additional rent" in paragraph 15 of the proprietary lease, though that phrase appears elsewhere in the lease where the board is authorized to charge fees above maintenance, precludes the board from charging a sublet fee. The clear import of the broad language employed is that the board may impose any lawful conditions, including monetary conditions. We agree with Special Term that the equivocal acts of respondent's managing agent in cashing appellants' maintenance checks during the period of the unauthorized sublease renewal, despite instructions from respondent not to cash them, do not constitute a waiver, especially in light of the fact that the money was promptly returned to

appellants upon discovery of the error. Moreover, paragraph 26 of the proprietary lease specifically provides that acceptance of rent by the lessor with knowledge of a breach shall not constitute a waiver, which clause is presumptively valid. (See *Pollack v Green Constr. Corp.,* 40 AD2d 996; but see *Malloy v Club Marakesh,* 71 AD2d 614.) The sixth cause of action in the complaint charges that if respondent is permitted to cancel appellants' proprietary lease, a forfeiture would result. Appellants argue persuasively that the forced sale of appellants' shares in the co-operative that would follow if termination were permitted would result in a substantial shortfall between the price realized at the forced sale and the market value of the shares. In light of the situation and of the relatively insubstantial amount involved ($1,100), which could be sought in Small Claims Court, the default is not such as to justify the drastic remedy of termination. Having examined the equitable considerations in this case, including the fact that appellants have expended approximately $18,000 on renovations, which might not be recouped at a forced sale, we grant appellants' motion for injunctive relief and permanently enjoin respondent from terminating appellants' proprietary lease or selling their shares on the basis of the default which is the subject of this action. Respondent contends that because appellants failed to obtain a court-ordered stay of the original curative period in the August 4, 1982 notice to cure, this court is without jurisdiction to enjoin termination of the lease under *First Nat. Stores v Yellowstone Shopping Center* (21 NY2d 630). However, the parties having participated from the outset in extensive settlement negotiations which continued even beyond the argument of this appeal, and in which respondent offered terms of settlement of the sublease dispute, the parties have set a new period in which the defect may be cured (cf. *Wuertz v Cowne,* 65 AD2d 528), and hence the injunction is timely. With respect to respondent's counterclaim for attorney's fees and costs incurred in defending this action, we affirm the determination of liability made at Special Term. Inasmuch as we have upheld the legality of the conditions that the board imposed on subletting, it follows that appellants must pay the sublet fee and the escrow payment for legal fees. Accordingly, under paragraph 28 of the proprietary lease, appellants are contractually obligated to reimburse respondent and to make the $1,100 payment. Concur — Kupferman, J. P., Sandler, Asch and Lynch, JJ.