■ FISHER BROS. SALES, INC., et al., Appellants-Respondents, v UNITED TRADING COMPANY DESARROLLO Y COMERCIO, S. A., Respondent-Appellant, and CAL-FRUIT SUMA INTERNATIONAL, Respondent. [595 NYS2d 175] —Order, Supreme Court, New York County (Myriam Altman, J.), entered December 3, 1991, which denied plaintiffs' motion for partial summary judgment on the first cause of action of the complaint, and which granted defendants' motion for summary judgment to the extent of dismissing the second and third causes of action and the demands for punitive damages, is unanimously modified, on the law, to grant plaintiffs' motion for partial summary judgment as to liability on the first cause of action, and to reinstate the third cause of action against defendant Cal-Fruit Suma International, and otherwise affirmed, without costs.

Plaintiffs, Fisher Bros. Sales, Inc. ("Fisher"), a distributor of fresh produce, and FBI Foods Ltd. ("FBI Foods"), of which Fisher is a wholly-owned subsidiary, commenced an action against defendant United Trading Company Desarrollo y Comercio, S. A. ("UTC"), a Chilean corporation and exporter of

Chilean fruit worldwide, and defendant Cal-Fruit Suma International ("Suma"), a Pennsylvania joint venture, to recover damages for alleged breach of contract, unfair competition, and tortious interference with contract.

The claims arose from a contract entered into by Fisher and UTC on or about October 23, 1984, pursuant to which Fisher was to be UTC's exclusive distributor of Chilean fruit in Canada and the Eastern United States. Contained in the contract, at Article 7, § 7.10, was a provision for its annual automatic renewal, unless "either party by written registered letter gives the other party notice of termination prior to June 30 of each year".

By telex dated June 25, 1985, five days before the contract was to be automatically renewed, UTC expressed its desire to "postpone" the renewal of the contract until after the parties had an opportunity to meet to discuss the ending year's performance. In pertinent part, UTC's communication read as follows:

"Hereby we confirm our visit (Mohammad-Renzo and myself) on the third week of July to analyze in detail results of 1984/1985 campaign.

"Would like also to use opportunity to discuss some amendments to the contract we feel are necessary to improve 1985/1986 operations.

"Consequently (according clause NR 7.10 present agreement) we request to postpone contract renewal after meeting and discussions to be held in Montreal."

Fisher's response, in the form of a telex signed by its president's secretary, stated, in pertinent part, as follows: "Thank you for your telex of June 25, advising us of your trip. Please let me know what your flights are and if you wish me to reserve rooms for the 3 of you at the hotel."

We are in full agreement with the IAS Court that UTC's June 25, 1985 telex, which, by its plain language, simply requested a postponement, did not constitute a notice of termination. Thus, we conclude that this communication did not affect the automatic renewal date.

We do not agree with the IAS Court, however, that Fisher's responding telex, which made no reference to the request for a postponement of the renewal date, serves to estop Fisher from asserting that it did not agree to postpone. An estoppel will only rarely be permitted to overcome a signed writing (see, *Republic Natl. Bank v Sabet,* 512 F Supp 416, 426, *affd* 681 F2d 802, *cert denied* 456 US 976). In addition, it is only where

a party has a duty to speak and fails to do so in order to deceive, that silence may give rise to an estoppel *(see, Matter of Tanenbaum Textile Co. v Schlanger,* 287 NY 400, 404; *Truglio v Zurich Gen. Acc. & Liab. Ins. Co.,* 247 NY 423, 426-427).

Accordingly, plaintiffs correctly argue that the contract was automatically renewed, and the motion for partial summary judgment as to liability on the first cause of action, asserting breach of contract, should have been granted.

In light of this finding, the IAS Court's grant of that portion of defendant UTC's motion for summary judgment dismissing Fisher's third cause of action against defendant Suma, cannot stand. There exist material issues of fact as to when, exactly, the contract was terminated and a corresponding question as to whether Suma was in existence prior thereto. If it was not, the claim of tortious interference against it must fall *(Click Model Mgt. v Williams,* 167 AD2d 279, 280, *lv denied* 77 NY2d 805; *Key Bank v Lake Placid Co.,* 103 AD2d 19, 27, *appeal dismissed* 64 NY2d 644).

Finally, we affirm the IAS Court's grant of UTC's motion for summary judgment dismissing the second cause of action alleging unfair competition and demanding punitive damages. Our reading of this record leads us to conclude that the evidence submitted in support of the claim of unfair competition is insufficient as a matter of law *(see, Saratoga Vichy Spring Co. v Lehman,* 625 F2d 1037, 1044). Nor do the facts support a claim for punitive damages, which require a very high degree of moral culpability *(see, Giblin v Murphy,* 73 NY2d 769, 772), and which are generally not available for claims arising from a mere breach of contract *(Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358). Concur—Milonas, J. P., Ellerin, Kupferman and Kassal, JJ.