■ LAWRENCE R. BAILEY, JR., Appellant, v 800 GRAND CONCOURSE OWNERS, INC., Respondent. [604 NYS2d 562] —Order of the Supreme Court, Bronx County (Howard R. Silver, J.), entered March 8, 1993, which granted the defendant's motion

1

to dismiss plaintiff's first four causes of action and awarded defendant costs and attorneys' fees of $5,215.00 based upon plaintiff's assertion of frivolous causes of action, unanimously modified, on the law, to the extent of denying the defendant's motion as to plaintiff's fourth cause of action and reinstating that cause and vacating the award of costs and attorneys' fees for frivolous litigation, and except as so modified, affirmed, without costs.

In January 1987, plaintiff Lawrence R. Bailey, Jr., purchased the shares of and entered into a proprietary lease with defendant 800 Grand Concourse, a cooperative housing corporation, thereby becoming a tenant-owner of an apartment in defendant's building. In April 1990, defendant's Board of Directors passed a resolution imposing a fee amounting to 30% of the annual maintenance for each sublet application submitted by a tenant-shareholder; the fee was to be paid in full at the time of the application. Respecting the imposition of sublet fees, the defendant's by-laws provided, "[t]he Board of Directors shall have authority before * * * sublet of a proprietary lease * * * to fix a reasonable fee to cover actual expenses and attorneys' fees of the Corporation, a service fee of the Corporation and such other conditions as it may determine."

In 1991, the plaintiff, having attempted unsuccessfully to sell his apartment, found individuals willing and able to sublease the apartment for $1,200.00 per month, an amount equal to plaintiff's monthly mortgage, maintenance and insurance payments. Plaintiff, however, could not afford the sublet application fee, which in his case would have amounted to several thousand dollars, and, as the defendant would not consider the application without full payment of the application fee, plaintiff was forced to abandon the sublet. Plaintiff subsequently defaulted on his mortgage and lost his shares in the cooperative corporation through foreclosure.

In the within action, plaintiff seeks in his first three causes of action to have the sublet fee declared illegal and enjoined. The plaintiff's loss of his interest in the cooperative corporation, however, renders these causes moot and, accordingly, we find no error in their dismissal by the motion court. On the other hand, the viability of the plaintiff's fourth cause of action seeking the recovery of damages incurred as a consequence of the allegedly improper sublet fee, is unaffected by plaintiff's loss of his interest in the cooperative, and ought not to have been dismissed pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

The fourth cause of action alleges quite simply that defendant's Board acted in excess of its authority under the corporate by-laws when it imposed a sublet fee bearing no reasonable relation to the corporation's actual expenses in connection with the proposed sublet. As noted, the by-laws do limit the defendant to "a reasonable fee to cover actual expenses and attorneys' fees of the Corporation". While we have previously held that a cooperative corporation may impose a sublet fee (*McCabe v Hoffman*, 138 AD2d 287; *Zuckerman v 33072 Owners Corp.*, 97 AD2d 736), we have never approved the imposition of such a fee in contravention of limitations contained in the corporate by-laws. Accepting the allegations of the complaint as true, as we must upon this CPLR 3211 (a) (7) motion to dismiss for failure to state a cause of action (*see, e.g., Rovello v Orofino Realty Co.*, 40 NY2d 633; *Foley v D'Agostino*, 21 AD2d 60), it would appear that the defendant's Board may well have imposed a sublet fee in excess of that permitted by its by-laws and, if it has, the defendant is answerable for those damages plaintiff can prove to have sustained as a result.

In view of our determination that the plaintiff's fourth cause of action sufficiently states a legally cognizable claim for damages, it follows that we cannot agree with the motion court's characterization of the action as "frivolous" or with its consequent imposition of sanctions against the plaintiff in the amount of $5,215.00. Concur—Murphy, P. J., Carro, Ross and Asch, JJ.