OPINION OF THE COURT
Debra A. James, J.
In this action, plaintiffs seek recovery of $7,555.68 plus interest, which represents a sublet fee they paid to defendant cooperative corporation as a condition to subletting their residential apartment. The complaint also seeks to recover attorney’s fees, pursuant to Real Property Law § 234.
Defendant makes a preanswer motion to dismiss this action on the grounds that a defense is founded upon documentary evidence and the pleading fails to state a cause of action pursuant to CPLR 3211 (a) (1) and (7), respectively. Plaintiffs cross-move for summary judgment in their favor, arguing that there are no triable issues of fact and request that defendant’s motion be treated as one for summary judgment pursuant to CPLR 3211 (c).
Plaintiffs are shareholders in defendant cooperative corporation and proprietary lessees of one of defendant’s residential apartments. On November 5, 1987, plaintiffs purchased the apartment by assignment of the proprietary lease and the shares accompanying such lease from Padolo Hardouin Ci Gállese, the previous proprietary lessee and shareholder, who is not a party to this action. On that day, defendant executed and delivered a consent, which certified that the proprietary lease was in full force and effect, and plaintiffs executed an assumption agreement, wherein they agreed to comply with all terms and conditions of the proprietary lease for the apartment and received a copy of the proprietary lease and the bylaws.
Six and a half years later, in April 1994, plaintiffs applied for permission to sublet the apartment, which, in June 1993, *478 defendant approved in writing, with the condition that plaintiffs pay a sublet fee in the amount of $7,555.68.
Plaintiffs paid the fee under protest.
Plaintiffs contend that at no time before their purchase of the apartment did defendant ever disclose that there were any restrictions or conditions on subletting other than the terms in the proprietary lease and bylaws delivered to them, and that they relied upon the lack of such restrictions or conditions on subletting in those documents, as well as the assumption agreement and consent, in making that purchase. Based upon their reliance for their purchase on this omission, they claim defendant should be estopped from enforcing the sublet fee provisions against them, and demand damages in the amount of the sublet fee and attorney’s fees incurred in this action.
Defendant claims that its authority to impose the sublet fee is proven by documentary evidence. It relies on the following:
(1) The proprietary lease, specifically paragraph 18, thereof, which reads, in pertinent part:
"eighteenth: The Lessee shall not sublet the whole or any part of the apartment for any term to any person or persons, without the Lessor’s prior written consent, authorized by a resolution of the Board of Directors or signed by a majority of the directors or authorized by a resolution adopted by lessees owning of record at least sixty-five (65%) percent of the shares of the Lessor accompanying proprietary leases then in force * * *
"Any consent to assignment or subletting may be subject to such conditions as the directors or shareholders, as the case may be, may impose”;
(2) The minutes of the annual meeting of shareholders held on April 14, 1983, which record a vote of 142,423 shares for and 5,305 shares against an amendment to the bylaws that upon a sublet, a fee of 20% of the current rent at the time of a sublet be paid in advance by the sublessor;
(3) A notice of the April 14,1983 annual meeting of stockholders, dated March 14, 1983, and a ballot and proxy, which each state: "To vote upon amendments to the By-Laws of Excelsior 57th Corp. which will provide as follows: (b) Upon the sublease of an apartment a fee to Excelsior 57th Corp. in the amount of 20% of the then current maintenance shall be paid in advance by the sublessor for the term of the lease”; and
(4) A letter addressed "to the tenant-owners of excelsior 57th corp.” dated April 27, 1983, which states:
"At the annual meeting held on April 14th, 1983 the following was approved by the stockholders * * * (b) Upon the *479 sublease of an apartment a fee to Excelsior 57th Corp. in the amount of 20 percent of the then current maintenance shall be paid in advance by the sublessor for the term of the lease. Please put this with your Proprietary Lease.”
Also before this court are the bylaws, which are attached as exhibit D to plaintiffs cross motion. Article V of the bylaws provides: "Proprietary Leases Section 1. — Form. The board of directors shall adopt a form of proprietary lease to be issued by the corporation for the leasing of all apartment buildings to be leased to shareholders under proprietary lease. Such proprietary leases shall be for such terms, with or without provisions for renewals, and shall contain such restrictions, limitations and provisions in respect to the assignment thereof, the subletting of the premises demised thereby, and the sale or transfer of the shares of stock of the corporation accompanying the same, and such other terms, provisions, conditions and covenants, as the board deems advisable.”
Preliminarily, this court must review the procedural posture of this case. On a motion to dismiss, the pleadings must be construed most favorably for the plaintiff (Cohn v Lionel Corp., 21 NY2d 559 [1968]). A motion to dismiss the action pursuant to CPLR 3211 (a) (7) will not be granted unless the moving papers conclusively establish that plaintiff does not have a cause of action. (Guggenheimer v Ginzburg, 43 NY2d 268 [1977].) If a plaintiff is entitled to recovery upon any reasonable review of the stated facts, the complaint, as a pleading, is legally sufficient. (219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506 [1979].) A plaintiff sufficiently states a cause of action where the pleading states any cause of action, whether or not there is evidentiary support for the complaint. (Rovello v Orofino Realty Co., 40 NY2d 633 [1976].) On a motion to dismiss, the court must accept the allegations of the complaint as true. (Bailey v 800 Grand Concourse Owners, 199 AD2d 1, 2 [1st Dept 1993].)
This court does not elect to treat defendant’s motion as one for summary judgment and the current state of the law appears to preclude the court from considering any proof on defendant’s motion to dismiss for failure to state a cause of action. However, on defendant’s alternative motion for dismissal on a defense founded on documentary evidence pursuant to CPLR 3211 (a) (1), this court reviews the proof proffered by the parties, though such review is limited to documentary evidence, i.e., proof whose contents are "essentially undeniable”. (See, CPLR 3211; Siegel, Practice Commentaries, McKinney’s *480 Cons Laws of NY, Book 7B, CPLR C3211:25, at 39, and C3211:10, at 20.)
Paragraphs 6 and 7 of their complaint state that plaintiffs relied on "Defendant never * * * [having] represented to Plaintiffs on or before November 5, 1987, that there were any restrictions or conditions on subletting other than what was expressed in the Proprietary Lease and By-Laws delivered to Plaintiffs.” In short, plaintiffs claim that defendant owed them a duty to inform them of the correspondence dated April 27, 1983, sent to Padolo Hardouin Ci Gállese, the shareholder and lessee of the apartment at the time of the shareholder action.
Plaintiffs do not allege that defendant concealed the notice or knowingly permitted plaintiffs to acquire the apartment from the prior lessee based upon any representation with respect to subletting.
There is no authority that confers a duty upon the defendant to call potential purchasers’ attention to the requirements for this or any other particular transaction under the proprietary lease. Any duty concerning notice was to the shareholders at the time of the transaction, which defendant met at the time the resolution was adopted. (See, Matter of Endicott Johnson Corp. v Bade, 42 AD2d 236 [3d Dept 1973].) Accordingly, under the facts of this case, defendant had no duty to speak. (Fisher Bros. Sales v United Trade Co., 191 AD2d 310 [1st Dept 1993]; Matter of Podolsky v Narnoc Corp., 149 Misc 2d 839, revd in part 196 AD2d 593 [2d Dept 1993]; Southbridge Towers v Rovics, 69 Misc 2d 333, revd 76 Misc 2d 396 [App Term, 1st Dept 1973].) Therefore, plaintiffs’ pleading fails to state a legally cognizable claim.
Alternatively, applying the relevant case law to the documents, defendant has proven its defense that it had the requisite authority to impose a sublet fee. In Zuckerman v 33072 Owners Corp. (97 AD2d 736 [1st Dept 1983]), the appellate Court affirmed a declaratory judgment that upheld the conditions imposed for a sublet, where the bylaws contained broad language subjecting subletting to "such conditions as the board may impose”, including monetary conditions. Like the bylaws in Zuckerman, the language in the bylaws and proprietary lease here is broad and permits the imposition of any lawful conditions on subletting.
Distinguishable on its facts from this case is Bailey (supra), in which the appellate Court modified the order of the trial court and reinstated a plaintiff’s cause of action for damages. The Bailey Court reasoned that the sublet fee of "several *481 thousand dollars” imposed by the Board may have been in excess of that permitted by defendant’s bylaws, which provided for " 'a reasonable fee to cover actual expenses and attorneys’ fees of the Corporation’ ”, Unlike Bailey, the bylaws here do not limit sublet fees to actual reasonable expenses, but provide that the proprietary lease may contain such restrictions, limitations and provisions on subletting as the Board deems advisable.*
On four grounds, Zimilies v Hotel des Artistes (NYLJ, Mar. 15, 1994, at 22, col 1 [Sup Ct, NY County]) is distinguishable from the facts of the instant case as well.
First, while the proprietary lease in Zimilies (supra) allowed the Board to withhold written consent, it did not authorize the Board to place any conditions, monetary or otherwise, on written approval of a sublet. Here, the proprietary lease explicitly makes written approval "subject to such conditions as the board or shareholders * * * may impose”, broad language that was absent from the proprietary lease in Zimilies.
Second, in Zimilies (supra), the court found that the bylaws required that the shareholders vote on any substantial change to the proprietary lease, which it held included the imposition of a sublet fee. Here, there was a duly noticed annual meeting, at which more than the required 65% of shareholders elected to impose the sublet fee in question.
Third, the Zimilies court found that the proposed sublet fee amendment to the proprietary lease was not presented to the shareholders in the notice and proxy materials of the meeting. Here, the notice and proxy materials dated a month in advance of the annual meeting presented the proposed "amendments to the By-Laws” to the shareholders in advance of the meeting, as required by the bylaws.
Fourth, though neither the bylaws nor proprietary lease were physically amended here, the court finds such lapse a minor irregularity, in that by correspondence dated April 27, 1983, the Board of Directors provided notice to each lessee of the sublet fee amendment to the proprietary lease. There was no such correspondence in Zimilies (supra).
*482 Here, the contents of the proprietary lease, bylaws, notice, proxy materials and ballot for the 1983 annual meeting, consent and assumption agreement are essentially undeniable, and, in fact, the verity of the contents is unrefuted by plaintiffs. As these documents prove defendant’s defense that the fee imposed was authorized, dismissal of the complaint pursuant to CPLR 3211 (a) (1) is warranted.
Accordingly, this court grants defendant’s motion and the complaint in this action is hereby dismissed. Defendant’s motion for attorney’s fees-is denied as the court does not find that plaintiffs defaulted under the proprietary lease.

 The court notes that section 1 of the bylaws, article V herein, governing sublets, contrasts sharply with section 5 of that same article, which pertains to fees on assignments of the proprietary lease. Section 1 on assignments, like the language pertaining to sublets in Bailey (supra), limit any assessment to "reasonable fees to cover the corporation’s expenses and attorneys’ fees”. When the defendant intended to limit fees imposed, it knew how to do so.