■ ALMA DEERING, Respondent-Appellant, v 860 FIFTH AVENUE CORP. et al., Appellants-Respondents, and GEORGE JAFFIN, Appellant. [634 NYS2d 674] —Order, Supreme Court, New York

County (Leland DeGrasse, J.), entered February 2, 1994, which, *inter alia*, denied defendants' cross motions for summary judgment seeking relief including dismissal of certain causes of action as time-barred, unanimously modified on the law, and the cross motions granted to the extent of dismissing plaintiff's claims that seek to recover possession of the four disputed rooms on the grounds of the Statute of Limitations, and, otherwise affirmed, without costs.

Plaintiff purchased apartments 1B&C and 1H&J in 1957, and has, since that time, rented them out for use as medical offices. Based on oral statements allegedly made to her almost four decades ago, plaintiff's principal claim is that the stock and proprietary leases she received in connection with her 1957 purchase encompassed three rooms (two maid's rooms and a storage room) located near the rear of the 1B&C unit and one room (a maid's room) adjacent to the 1H&J unit. The floor plans tend not to support plaintiff's claim. The other evidence establishes that plaintiff never had physical possession of the four rooms within the ten years preceding commencement of her action. Plaintiff acknowledged at her examination before trial that any personal property she may have had in the three rooms near the 1B&C unit had been removed in 1967. The rooms have been used as a storage and bicycle room, or rented as maid's rooms by the cooperative corporation. In 1986 the two maid's rooms near the 1B&C unit were sold at a residential tenant-shareholders' auction to defendant Mary Gilbert. With respect to the maid's room adjacent to unit 1H&J, there is no evidence in the record that plaintiff was ever in possession, and certainly she was not in possession after 1976 when defendant Riesner came into possession of these premises.

In our view, defendants' cross motions for summary judgment on those causes of action that seek to recover possession of the four disputed rooms should have been granted on the grounds that they are time-barred. CPLR 212 (a) provides, "An action to recover real property or its possession cannot be commenced unless the plaintiff, or his predecessor in interest, was seized or possessed of the premises within ten years before the commencement of the action." The IAS Court erred in holding that this provision applies only to adverse possession of real property, and is therefore inapplicable to this matter. In determining the applicable Statute of Limitations, the court must look to the core of the claims asserted. Here, the thrust of plaintiff's consolidated amended complaints is that she seeks to obtain a right of possession in the four disputed rooms. Thus, this is, in our less restrictive reading of the statute, "[a]n ac-

tion to recover real property or its possession." (CPLR 212 [a].) As the record cannot support a finding that plaintiff was either seized of or possessed of any of the four rooms during the ten years preceding the commencement of the action, the defendants were entitled to summary judgment on these causes of action.

Turning to the cause of action that addresses the sublet surcharge, we note that while a cooperative may impose conditions prior to approving a sublease in the best interests of the corporation (*Zuckerman v 33072 Owners Corp.*, 97 AD2d 736), the business judgment rule does not bar judicial scrutiny where questions exist whether the imposition of such conditions was taken in good faith (*cf., Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538). The IAS court also properly found issues of fact as to whether the release on which defendants rely was coerced by the corporation's refusal to interview prospective sublessees of the plaintiff's income-producing units (*see, Citibank v Real Coffee Trading Co.*, 566 F Supp 1158, 1163). Finally, turning to plaintiff's cross appeal, the IAS Court properly read Business Corporation Law § 803 (a) as requiring a majority vote of the shares present at a meeting of shareholders in order to amend the certificate of incorporation, and not as plaintiff argues, a majority of all outstanding shares. The IAS Court's interpretation is consistent with the statute's plain meaning.

Motion for reargument granted and, upon reargument, this Court's unpublished decision and order entered on August 3, 1995 is recalled and vacated and a new decision and order is substituted in place thereof, decided simultaneously herewith. Concur—Ellerin, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.