685 A.2d 532

HOUSING AUTHORITY OF JERSEY CITY, PLAINTIFF,
v. WALTER MYERS, DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Hudson County

Decided August 23, 1996.

---

[15] Sondra's request for the issuance of a bench warrant due to Henry's alleged failure to timely make support payments shall be held in abeyance pending the four-way conference.

*Ignacio Perez,* for plaintiff.

*John Ukegbu,* for defendant (*Hudson County Legal Services,* attorneys).

CAVANAUGH, J.S.C.

This case is a summary dispossess action to terminate defendant's, Walter Myers, tenancy because of alleged drug activity on the leased premises. *See N.J.S.A.* 2A:18–61.1(p). Myers resides at 569 Montgomery Street, Apartment # 98-5, Jersey City. Plaintiff, Housing Authority of Jersey City is a public housing agency subject to the United States Housing Act of 1937, and the regulations pursuant thereto.

On April 7, 1995, Myers was arrested for possession of CDS paraphernalia—three empty glassine bags bearing logos by which CDS is commonly distributed. Myers was charged with a violation of *N.J.S.A.* 2C:36–2.

Plaintiff mailed a notice terminating Myers' tenancy by regular mail and certified mail on October 23, 1995. The notice stated Myers' tenancy was terminated as of October 31, 1995, eight days later. The certified mail notice was returned unclaimed, but the regular mail notice was not returned and hence, presumed received.

Myers has made a motion to dismiss the complaint on the ground that the eight day notice given does not comply with 42 *U.S.C.A.* § 1437d(*l* )(3). Myers argues that this provision requires thirty days notice. Plaintiff argues it requires only reasonable notice. The court agrees with Myers and dismisses the complaint for lack of jurisdiction.

## LEGAL DISCUSSION

The Special Civil Part does not have jurisdiction to enter a judgment of possession unless the notices served comply with all statutory dictates. *See N.J.S.A.* 2A:18–61.2; *cf. Carteret Proper-*

*ties v. Variety Donuts, Inc.,* 49 *N.J.* 116, 124, 228 *A.*2d 674 (1967) (proper notice essential to exercise the court's jurisdiction). Proper notice must also comply with provisions of the lease between the parties. *Housing Authority of the City of Bayonne v. Isler,* 127 *N.J.Super.* 568, 572–73, 318 *A.*2d 432 (App.Div.1974). The recent decision in *Housing Authority of the City of Newark v. Raindrop,* 287 *N.J.Super.* 222, 670 *A.*2d 1087 (App.Div.1996), has made clear that federal regulations controlling HUD leases must be complied with fully for the trial court to have jurisdiction to enter a judgment of possession. *Raindrop, supra,* 287 *N.J.Super.* at 229, 670 *A.*2d 1087.

■ Myers argues that he should be afforded thirty days' notice, rather than eight days, under the following provision:

(1) Leases; terms and conditions; maintenance; termination.

Each public housing agency shall utilize leases which:

(1) * * *

(2) * * *

(3) require the public housing agency to give adequate written notice of termination of the lease which shall not be less than—

(A) a reasonable time, but not to exceed 30 days, when the health or safety of other tenants or public housing agency employees is threatened;

(B) 14 days in the case of non-payment of rent; and

(C) 30 days in any other case.

[42 *U.S.C.A.* § 1437d(*l*)(3) ].

The question before the court is whether section (A) or section (C) applies in the case of an eviction for drug-related criminal activity under *N.J.S.A.* 2A:18–61.1(p).

The court finds that it is bound by the Appellate Division's statement in *Raindrop, supra,* 287 *N.J.Super.* at 227, 670 *A.*2d 1087, that "the lease also must require a PHA to give 30 days advance adequate written notice of termination of lease for any drug-related criminal activity." *Id.* (citing, 42 *U.S.C.A.* § 1437d(*l*)(3)(C)). While this statement may be dicta, because *Raindrop* addressed the sufficiency of the notice served on Carol Raindrop, that does not lead to the conclusion that the statement is incorrect or misguided.

*Raindrop* also stands for the general proposition that compliance with the HUD lease termination requirements is a necessary prerequisite for an eviction. *Raindrop, supra,* 287 *N.J.Super.* at 229, 670 *A.2d* 1087. *Raindrop* reviewed all of the statutory lease and notice requirements applicable to an eviction based on drug-related criminal activity. *Id.,* at 227–29, 670 *A.2d* 1087. Having addressed itself to the entire statutory scheme, this court finds it unlikely that the Appellate Division inadvertently stated a thirty day notice period applies in this type of action when it in fact does not.

A reading of the statute and the regulations enacted pursuant to the statute supports the Appellate Division's statement. Throughout the statute and regulations, both criminal activity that threatens the health of the tenants or employees of the PHA and "any drug-related criminal activity" are denoted in tandem as giving rise to certain rights on the part of the PHA. *See* 42 *U.S.C.A.* § 1437d(k), 24 *C.F.R.* § 966.51(a)(2)(i)(A) & (B) (1995), and 24 *C.F.R.* § 966.55(1)(g)(i) & (ii) (1995) (administration grievance procedure may be expedited or grievance may be excluded for either criminal activity that threatens health of tenants or any drug-related criminal activity); 42 *U.S.C.A.* § 1437d(*l*)(5) (good cause for termination of tenancy for either criminal activity that threatens health of tenants or any drug-related criminal activity); 24 *C.F.R.* § 966.4(f)(12)(i)(B) (1995) (lease requires tenant to assure neither he nor others under his control will engage in either aforementioned activity); 24 *C.F.R.* § 966.4(*l*)(3)(v)(C) (1995) (notice terminating tenancy must state eviction is for either aforementioned activity if PHA excludes grievance procedure); 24 *C.F.R.* § 966.4(*l*)(5)(i) (1995) (PHA's discretion to consider circumstances and impose conditions for either aforementioned activity); 24 *C.F.R.* § 966.4(*l*)(5)(ii) (1995) (notice to post office if tenant is evicted for "criminal activity, including drug-related criminal activity").

By contrast, the statutory section that is the subject of this motion, 42 *U.S.C.A.* § 1437d(*l*)(3), is notable, because it does not

use the phrase "any drug-related criminal activity." Instead, it allows less than thirty days' notice only where criminal activity threatens the health of tenants or employees of the PHA or for non-payment of rent. This omission can only be deliberate. Where the drafters of the statute and regulations have elsewhere used the phrase "any drug-related criminal activity", they would have used it in 42 *U.S.C.A.* § 1437d(*l* )(3)(A), had they intended "any drug-related criminal activity" to require less than thirty days notice.

Plaintiff cited *Taylor v. Cisneros,* 913 *F.Supp.* 314 (D.N.J. 1995), for the proposition that drug-related criminal activity inherently threatens the health and safety of tenants and employees in the PHA. *Taylor* holds that *N.J.S.A.* 2A:18–61.1 is remedial legislation, in part, because protecting tenants from drug-related criminal activity was one of the policies that prompted the enactment of *N.J.S.A.* 2A:18–61.1(p). However, this is distinct from stating either that *any* drug-related criminal activity constitutes a threat, or that all drug-related criminal activities are such a threat, that a notice less than thirty days is required. Rather, some drug-related criminal activity constitutes such a threat to PHA tenants and employees that the policy behind affording thirty days' notice is outweighed, while other drug-related criminal activities are not such a threat. The facts of each case determine if section (A) or section (C) of 42 *U.S.C.A.* § 1437d(*l*)(3) apply.

Plaintiff has not made the factual demonstration necessary to invoke section (A) of 42 *U.S.C.A.* § 1437d(*l* )(3). Here, plaintiff has only shown the court that Myers was arrested for possession of CDS paraphernalia, but has not indicated in what capacity Myers is a threat that would require dispensing with the thirty days notice requirement. On the contrary, the gap in time from when Myers was arrested to when he was served with a notice terminating his tenancy—a gap of over six months—strongly indicates that Myers is not a threat and has not been treated as such.

For the aforementioned reasons, the complaint is dismissed.