817 A.2d 324

RIVERVIEW TOWERS ASSOCIATES, PLAINTIFF–RESPONDENT,
v. ANNA JONES, DEFENDANT–APPELLANT.

RIVERVIEW TOWERS ASSOCIATES, PLAINTIFF–RESPONDENT,
v. VERNA BATEMAN, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 4, 2003—Decided February 28, 2003.

Before Judges PRESSLER [1], WALLACE, JR., and AXELRAD.

*Sonia Bell* argued the cause for appellants (*Camden Regional Legal Services*, attorneys; *Ms. Bell*, on the brief).

The opinion of the court was delivered by

AXELRAD, J.T.C. (temporarily assigned).

We consolidate these appeals for the purposes of this opinion. In these landlord-tenant actions for nonpayment of rent, tenants in a subsidized housing complex contend the court was deprived of jurisdiction to enter a judgment of possession because of the lack of compliance with the HUD lease termination notice requirements, 24 *C.F.R.* § 247.4, prior to institution of the summary dispossess complaint. We agree. We reverse and vacate the judgments of possession.

Both defendants, Anna Jones and Verna Bateman, are residents of a subsidized dwelling for senior citizens and the disabled located in Camden. Jones resides in unit 706 and pays a monthly rent of

---

[1] Judge Pressler did not participate in oral argument. However, appellant has consented to her participation in the decision.

$164. Bateman resides in unit 709 and pays a monthly rent of $282. In the past, both defendants had complained to the landlord, plaintiff Riverview Towers Associates, about unauthorized intrusions into their apartments by a maintenance staff member, and Jones had withheld rent based on the landlord's purported failure to rectify the problem. She thereafter paid the outstanding rent to avoid the entry of a judgment of possession.

The summary dispossess actions which are the subject of these appeals resulted from both tenants' failure to pay rent for the months of August and September 2001. On September 5, 2001, the landlord filed complaints in tenancy asserting nonpayment of rent and seeking judgments for possession of the units. On the trial date of October 11, 2001,[2] counsel for the tenants asserted that the court did not have jurisdiction to hear the matter and sought to dismiss the complaints based on landlord's failure to comply with federal law. A discussion ensued between the court and counsel about the landlord having sent its "standard notice" to both tenants prior to instituting suit, and the court gave landlord's counsel the option of supplementing the record with copies of the notices. Landlord's counsel chose, however, not to present the notices into evidence or provide any testimony regarding the notices being sent to the tenants. Instead, landlord took the position the complaints were sufficient notice to confer jurisdiction on the court. The court concluded, with reference to a prior ruling and no further explanation, that commencement of the actions constituted sufficient notice under federal law. In each of the cases a judgment of possession for nonpayment of rent was issued and by order dated October 25, 2001, the matters were stayed pending appeal contingent upon payment of outstanding rent into escrow and payment of future rent to the landlord. We were advised at argument by tenants' counsel that rent has been paid and the tenants have continued to reside in their apartments.

---

[2] Although the summonses indicates a trial date of September 27, 2001, the matter was continued to October 11, 2001.

Landlord chose not to respond to the appeal; we entered an order suppressing its brief.

■ Subject to certain exceptions that are relevant here, a landlord in New Jersey may remove a residential tenant from an apartment complex for nonpayment of rent by a summary dispossess action under the Anti Eviction Act, *N.J.S.A.* 2A:18–61.1a. The complaint itself serves as the jurisdictional foundation. *Ibid.* The present case, however, involves a rent-subsidized tenancy created by the federal Section 236 Rental Assistance Program, 12 *U.S.C.A.* § 1715z–1, administered under the auspices of the New Jersey Housing Mortgage Finance Agency (NJHMFA) and the Department of Housing and Urban Development (HUD). The controlling regulations, 24 *C.F.R.* § 247.1.10, direct the operation of the program, and as a participant owner, this landlord is bound by these regulations, in addition to state requirements.

Under federal law, an owner landlord is required to satisfy specific requirements when attempting to terminate a subsidized tenancy. We have held federal requirements to be jurisdictional prerequisites to the establishment of good cause for eviction in state court. *See, e.g., Housing Auth. of City of Newark v. Raindrop,* 287 *N.J.Super.* 222, 670 *A.*2d 1087 (App.Div.1996) (holding the trial court was deprived of jurisdiction over a summary dispossess action to terminate a public housing tenancy for drug-related activity on the leased premises because of the landlord's failure to comply with HUD lease termination notice requirements, 42 *U.S.C.A.* § 1437d(*l*)(3)(c), 24 *C.F.R.* § 966.4(*l*)(3)); *Housing Auth. of City of Bayonne v. Isler,* 127 *N.J.Super.* 568, 318 *A.*2d 432 (App.Div.1974) (holding landlord's failure to give notice of termination of a public housing tenancy as required by the lease in accordance with HUD's administrative circular, RHM 7465.8, was fatal to its right to terminate the lease for purposes of the holdover provisions of the dispossess statute); *N.C. Housing Assocs. v. Hightower–Cooper,* 281 *N.J.Super.* 317, 657 *A.*2d 478 (Law Div.1995) (holding sponsor of low and moderate income housing project had duty of proving compliance with HMFA pre-

eviction notice requirements, *N.J.A.C.* 5:80–20.5(c) and—20.9, as part of its *prima facie* case in a summary dispossess action to evict the tenant for failing to recertify her income annually).

The regulation pertaining to landlord evictions under a subsidized assistance program sets forth the requisites of a termination notice:

> The landlord's determination to terminate the tenancy shall be in writing and shall: (1) State that the tenancy is terminated on a date specified therein; (2) state the reasons for the landlord's actions with enough specificity so as to enable the tenant to prepare a defense; (3) advise the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense; and (4) be served on the tenant in the manner prescribed by paragraph (b) of this section.
>
> [24 *C.F.R.* § 247.4(a).]

This regulation provides the following specificity of notice in rent nonpayment cases:

> In any case in which a tenancy is terminated because of the tenant's failure to pay rent, a notice stating the dollar amount of the balance due on the rent account and the date of such computation shall satisfy the requirement of specificity set forth in paragraph (a)(2) of this section.
>
> [24 *C.F.R.* § 247.4(e).]

The leases between the parties mandate that any termination of the tenancy by the landlord must be carried out in accordance with HUD regulations. Further, paragraph 23c of the leases mirrors the language of the federal regulation:

> If the Landlord proposes to terminate this Agreement, the Landlord agrees to give the Tenant written notice of the proposed termination.... All termination notices must:
>
> specify the date this Agreement will be terminated;
>
> state the grounds for termination with enough detail for the Tenant to prepare a defense;
>
> advise the Tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the Landlord ...;
>
> advise the Tenant of his/her right to defend the action in court.

 Jones included in her appendix one of the landlord's "standard notices" previously sent to her for illustrative purposes. She contends the notice is defective as it does not meet the requirements of 24 *C.F.R.* § 247.4, and seeks to have us make such determination to avoid recurring problems with this landlord. We

decline to do so. As this notice was not placed in evidence and there was no testimony as to notices sent to these tenants prior to the institution of these summary dispossess actions, such issue is not appropriately before us. It is clear the express language of 24 C.F.R. § 247.4(a) and (e) requires the issuance and service of a written termination notice in rent nonpayment cases. Although the complaint for summary dispossess is sufficient to confer jurisdiction on the court under New Jersey Law, *N.J.S.A.* 2A:18–61.1a, it is insufficient notice under federal law and the terms of the lease. "Like our state law, the federal statutes and attendant regulations reflect that the stern remedy of dispossession should be available to the landlord only when the landlord has afforded the tenant all the required pre-eviction statutory and regulatory protections." *Housing Auth. of City of Newark v. Raindrop, supra,* 287 *N.J.Super.* at 229, 670 *A.2d* 1087.

Based on the landlord's failure to comply with the HUD lease termination notice requirements, the trial court lacked jurisdiction to enter the judgments of possession. Accordingly, we reverse and vacate the judgments of possession previously entered against these tenants. We direct that the rental payments made to the court as a condition of the orders for stay be paid to the landlord. We do not retain jurisdiction.