111 A.3d 155

WILLIAM WINNS, PLAINTIFF, v. AMELIA ROSADO, DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Union County

Decided December 16, 2014.

---

*Aminah K. Massenburg* for plaintiff (*Massenburg Law Group, LLC,* attorneys).

*Rebecca S. Greene* for defendant (*Central Jersey Legal Services, Inc.,* attorneys).

DEITCH, J.S.C.

In this action, the landlord seeks to evict a Section 8[1] tenant based upon the non-payment of rent and "other" grounds. The other grounds are specified as destruction of the landlord's property, and allowing other families to live in the rented unit as well as the basement of the property. The rent claimed as owing is $102 of base rent for July 2014 and $155 base rent for each of August, September, and October 2014.[2] The complaint was filed on September 12, 2014.

There is no dispute that this is a property governed by *N.J.S.A.* 2A:18–61.1.

Landlord attached a "cease and desist" notice dated August 27, 2014 to the complaint, which complained about unclean conditions allegedly created by the tenant, and that the tenant had allowed seven family members to live in the basement. The notice also reflected that the property manager had secured the basement to ensure that no one entered the basement. The notice went on to conclude: "please be informed that this is our final request for you to adhere to our simple requests which will result in a better quality of life for your family and neighbors. If you do not comply we will be forced to exhaust our legal rights to remove you from the unit."[3]

---

[1] 42 *U.S.C.A.* § 1437f, Section 8 of the Housing Act of 1937.

[2] The tenant remains willing and able to pay base rent to the landlord, but landlord has not accepted past due rent or rent through December.

[3] The notice to cease therefore addresses: one problem, seven persons in the basement, that was cured by the landlord pre-suit; one condition, uncleanliness, that was not sued upon; and, alleged damage to the property. However, no notice to quit for the alleged lease violations was ever served upon the tenant, *N.J.S.A.* 2A:18–61.1(e)(1), and there was no proof of damage or willful or grossly negligent behavior presented for the alleged damage under *N.J.S.A.* 2A:18–61.1(c). Therefore, this court finds that the landlord's "other" grounds for eviction are not well taken, and are dismissed without prejudice.

Tenant failed to appear at the hearing date for this summary proceeding, and a default and judgment of possession was entered in favor of the landlord on October 2, 2014. On November 12, 2014, an order to show cause was brought by Legal Aid counsel for the tenant, seeking to dismiss the judgment of possession, dismiss the complaint, and quash the warrant of removal. The tenant based the application upon: 1) an argument that the landlord lacked standing to sue in that the landlord was Endzone Management, LLC, and an attorney was needed to represent this entity; 2) the landlord "did not adhere to the requirements of notice and case law and 24 *C.F.R.* § 982.310 and the Tenancy Addendum for Section 8 Tenants." The tenant also asked that the tenant's security deposit be applied to any outstanding rent based upon the landlord's failure to abide by *N.J.S.A.* 46:8–19.

As this matter progressed, counsel for the tenant conceded that the landlord was not Endzone Management, and the "standing" argument was abandoned.

The issue of the tenant's failure to pay rent, and the tenant's defense, based upon the landlord's failure to notify the Public Housing Authority ("PHA"), will be addressed below in detail, as no reported case addressing this notice issue in the context of a Section 8 housing arrangement has been identified by the parties or the court.

As noted above, the tenant asserts that the landlord failed to comply with the notice provisions of 24 *C.F.R.* § 982.310 as well as the tenancy addendum for Section 8 housing, and that the failure is jurisdictional. The landlord asserts that 24 *C.F.R.* § 247.4 applies and supports the landlord's position.

In the first instance, 24 *C.F.R.* § 247.4 does not apply to Section 8 housing. This is confirmed by the regulations that do apply to Section 8 housing, which can be found at 24 *C.F.R.* § 982 ("Section 982"). That regulation specifically states as follows: "24 CFR part 247 (concerning evictions from certain subsidized and HUD-

owned projects) does not apply to a tenancy assisted under this part 982." 24 *C.F.R.* § 982.310(g) ("Section 310").

However, Section 982 provides, in pertinent part, as follows:

§ 982.310 Owner termination of tenancy.

(a) Grounds. During the term of the lease, the owner may not terminate the tenancy except on the following grounds:

(1) Serious violation (including but not limited to failure to pay rent or other amounts due under the lease) or repeated violation of the terms and conditions of the lease;

(2) Violation of federal, State, or local law that imposes obligations on the tenant in connection with the occupancy or use of the premises; or

(3) Other good cause.

. . . .

(e) Owner notice.—

(1) Notice of grounds.

(i) The owner must give the tenant a written notice that specifies the grounds for termination of tenancy during the term of the lease. The tenancy does not terminate before the owner has given this notice, and the notice must be given at or before commencement of the eviction action.

(ii) The notice of grounds may be included in, or may be combined with, any owner eviction notice to the tenant.

(2) Eviction notice.

(i) Owner eviction notice means a notice to vacate, or a complaint or other initial pleading used under State or local law to commence an eviction action.

(ii) The owner must give the PHA a copy of any owner eviction notice to the tenant.

(f) Eviction by court action. The owner may only evict the tenant from the unit by instituting a court action.

██ Accordingly, a landlord must provide a Section 8 tenant a written notice that specifies the grounds for termination of the tenancy during the term of the lease. The regulation states that this notice must be given at or before the commencement of the eviction action. However, an Eviction notice is defined in the regulation as being: "a notice to vacate, *or a complaint or other initial pleading used under State or local law to commence an eviction action.*" 24 *C.F.R.* § 982.310(e)(2)(i) (emphasis added). The apparent conflict between providing notice "at or before commencement of the eviction action" and allowing the notice to be the "complaint or other initial pleading used under State or

local law" is not specifically addressed in comments to the regulation. However, in order to give all of the terms of the regulation their full effect, the regulation must be interpreted so that notice "at" commencement of the action means that the complaint must identify the grounds for the termination. This is based upon a commonsense reading of the regulation as well as a recognition that the purpose of the notice provision is to allow the tenant to properly meet the allegations of the landlord in court.

With regard to 24 *C.F.R.* § 982.310(e)(2)(ii), that provision does not specify the timing of the notice to the PHA, and it is significant to the court that while the timing of notice to the tenant is specified in (e)(1), (e)(2) does not specify when the eviction notice must be given to the PHA. Therefore, this court interprets the regulation as requiring notice to the PHA in advance of the hearing itself so as to afford the PHA the opportunity to participate or communicate with the tenant.

There is no dispute that the Department of Community Affairs ("DCA") was the PHA here. Furthermore, there is no dispute that the DCA was not notified of this action by the landlord, but did receive notice of the complaint prior to the hearing date, as counsel for the tenant informed the court that she had informed the DCA of the action, and this was confirmed by Ms. Glass, of the DCA, in her testimony. Ms. Glass also testified that the purpose of any notice requirement to the DCA was so that the DCA could determine if it wished to notify the tenant of the possibility of losing her Section 8 housing allowance based upon the complaint. Ms. Glass also confirmed that the DCA did not send out any notices to the tenant after being advised of the pending action, and a reason for not doing so could not be provided.

If that were the extent of the analysis, this court would reject the arguments of the tenant and find for the landlord, as the DCA was aware of the proceeding, and had an opportunity to communicate with the tenant in advance of the hearing and chose not to do so. However, the tenant also argues that there is a mandatory addendum to all Section 8 leases which places a more exacting

notice requirement upon participating landlords, and the landlord here failed to meet the addendum's requirements. Accordingly, this court must determine: 1) if there is a mandatory addendum that must be used by the landlord; and 2) if so, do the terms of the addendum impose notice requirements upon the landlord different than those within 24 *C.F.R.* § 982.310.

■ In the first instance, this court finds that 24 *C.F.R.* § 982.308(b)(2) requires a Section 8 landlord to incorporate the terms of a United States Department of Housing and Urban Development ("HUD") lease addendum into any lease involving Section 8 subsidized housing.[4] Further, 24 *C.F.R.* § 982.308(f)(2) provides that the HUD addendum shall prevail over any inconsistent lease terms that may exist.

A sample of the HUD addendum was provided by defendant's counsel without objection by plaintiff. The tenancy addendum provides that: "The tenant shall have the right to enforce the tenancy addendum against the owner. If there is any conflict between the tenancy addendum and any other provisions of the lease, the language of the tenancy addendum shall control."

With regard to notice of termination from the landlord, the addendum provides:

g. Owner notice of grounds

(1) At or before the beginning of a court action to evict the tenant, the owner must give the tenant a notice that specifies the grounds for termination of tenancy. The notice may be included in or combined with any owner eviction notice.

(2) The owner must give the PHA a copy of any owner eviction notice *at the same time the owner notifies the tenant.*

(3) Eviction notice means a notice to vacate, or a complaint or other initial pleading used to begin an eviction action under State or local law.

■ Therefore, whereas 24 *C.F.R.* § 982.310 is vague with regard to the timing of notice to the PHA, the addendum is not. Under the addendum, the landlord must give notice to the PHA "at the same time the owner notifies the tenant." Here, there is

---

4 The HUD Secretary is authorized to promulgate the addendum pursuant to 42 *U.S.C.* § 1437f(o)(7)(f).

no dispute that the landlord did not provide notice of the action to the DCA at any time.

The court must now determine if this failure is of sufficient magnitude to find that it divests this court of jurisdiction to hear this summary proceeding based upon non-payment of rent. In deciding this issue, the court finds it helpful to refer to two Appellate Division cases which dealt with similar governmental assistance programs.

In *Housing Authority of the City of Newark v. Raindrop*, 287 *N.J.Super.* 222, 226, 670 *A.*2d 1087 (App.Div.1996), the tenant was being evicted for good cause based upon drug activity under *N.J.S.A.* 2A:18–61.1(p). The Housing Authority ("Authority") is a public agency subject to the United States Housing Act of 1937. *Id.* at 225, 670 *A.*2d 1087. There was no dispute that the Authority was not governed by Section 8. *Id.* at 225, 670 *A.*2d 1087. The *Raindrop* court found that the applicable federal notice requirements under 24 *C.F.R.* § 966 had not been complied with and the failure was jurisdictional. In doing so, the court held that:

We cannot regard the lease termination notice failures here as technical noncompliance with the federal regulations. We view those failures as substantive noncompliance prejudicial to the tenant. Where, as here, a PHA fails to serve a notice of lease termination consonant with the dictates of governing federal regulations, we conclude it fails to comply with the specificity a demand for possession must have under the Anti–Eviction Act. The lack of specificity, as it invariably must, denied the trial court jurisdiction. Failure to resolve the notice issue constituted plain error. *R.* 2:10–2.

[*Id.* at 231, 670 *A.*2d 1087.]

In *Riverview Towers Associates v. Jones*, 358 *N.J.Super.* 85, 87, 817 *A.*2d 324 (App.Div.2003), the landlord sought to evict tenants based upon a non-payment of rent. The federal subsidy there was a Section 236 rental assistance program administered by the NJ Housing Mortgage Finance Agency. *Id.* at 88, 817 *A.*2d 324. Under that program, 24 *C.F.R.* § 247.4(a) and (e) required the issuance of a written termination notice to the tenant in non-payment cases. *Id.* at 89, 817 *A.*2d 324. The lease there mirrored the applicable HUD regulations and required the landlord to advise the tenant that the tenant had ten days to discuss the

proposed termination of the tenancy with the landlord. *Id.* at 89, 817 *A.*2d 324. At trial, the landlord did not present evidence of notice, but relied upon the complaints as providing sufficient notice. *Id.* at 90, 817 *A.*2d 324.

In finding that the landlord's failure to provide notice was a jurisdictional defect, the *Riverview* court relied upon *Raindrop* holding that "[w]e have held federal requirements to be jurisdictional prerequisites to the establishment of good cause for eviction in state court." *Id.* at 88, 817 *A.*2d 324. The *Riverview* court went on to hold that, while a complaint in a summary dispossess action ordinarily conveys jurisdiction under state law, it will be insufficient to do so in the face of conflicting federal law imposing additional notice requirements. *Id.* at 90, 817 *A.*2d 324, (quoting, *Raindrop, supra,* 287 *N.J.Super.* at 229, 670 *A.*2d 1087 ("Like our state law, the federal statutes and attendant regulations reflect that the stern remedy of dispossession should be available to the landlord only when the landlord has afforded the tenant all the required pre-eviction statutory and regulatory protections.")).

Here, there is no dispute that notice of this action was not sent by the landlord to the DCA. As discussed above, the Section 8 framework required such a notice to be sent. The landlord here, like the landlords in *Riverview* and *Raindrop,* therefore failed to provide a federally required notice, and that failure deprived this court of jurisdiction. This court was therefore without jurisdiction to enter the judgment of possession. Accordingly, the judgment of possession is hereby vacated, the warrant of removal is quashed, and the complaint is dismissed without prejudice and without costs to any party.[5]

---

[5] Since the complaint is dismissed, the tenant's argument based upon an entitlement to an adjustment of the claimed outstanding rent based upon an improper assessment of utility charges is moot.